UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Moises Reza, Frank Garza, Tanner Pendergraft, and Federico Navarrete, et al., | Case No.: 2:23-cv-00802-CDS-EJY |
| Plaintiffs | **Order Granting Motion to Consolidate Cases** |
| v. | |
| Zuffa, LLC, et al., | [ECF No. 67] |
| Defendants | |
| Saul Garcia, | Case No.: 2:23-cv-01211-CDS-EJY |
| Plaintiff | |
| v. | |
| Zuffa, LLC, d/b/a Ultimate Fighting Championship, | |
| Defendant | |
| Isaiah Sanchez, individually and on behalf of all other persons similarly situated, | Case No.: 2:23-cv-01259-CDS-EJY |
| Plaintiffs | |
| v. | |
| Zuffa, LLC, d/b/a UFC Fight Pass, et al., | |
| Defendants | |

Defendant Zuffa, LLC moves to consolidate the above-styled actions, contending that all three cases involve common parties as well as common questions of fact and law. Mot. to Consolidate, ECF No. 67 at 9–10. Plaintiffs Moises Reza, Frank Garza, Tanner Pendergraft, Federico Navarrete, Saul Garcia, and Isaiah Sanchez (collectively, plaintiffs) have failed to respond to Zuffa's motion to consolidate.

I.    **Legal standard**

Federal Rule of Civil Procedure 42 governs the consolidation of cases and permits the court to consolidate cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation permits district courts "to expedite the trial and eliminate unnecessary repetition and confusion." *DuPont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966); *see Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985) (noting that the purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties"). "The district courts have broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate cases, the court should "weigh the interest of judicial convenience against the potential for delay, confusion[,] and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010); *see also Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

II.    **Discussion**

The Local Rules provide that a motion to consolidate is decided by the judge to whom the earliest-filed action is assigned. LR 42-1(b). If the actions are consolidated, they will be transferred to the judge to whom the earliest-filed action is assigned. *Id.* Because all three actions are before this court, this matter is properly in this court's purview.

Plaintiffs did not file a response to Zuffa's motion to consolidate; the motion may be granted on this reason alone. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." However, despite the motion being unopposed, the court finds that consolidation is appropriate because there are common questions of law and fact. As Zuffa stated:

> The cases all arise out of the same set of operative facts: Plaintiffs allege they are charged subscription fees for Fight Pass without proper disclosures that their subscriptions would automatically renew or how to cancel them. The Class Actions raise the same core factual issue—Zuffa's alleged failure to adequately disclose the automatic renewal terms to Fight Pass subscribers. *See, e.g.*, Reza FAC, ECF No. 21 at ¶¶ 28-39; Garcia Complaint, ECF No. 1-2 at ¶¶ 17-43; and Sanchez

Complaint, ECF No. 1-1 at ¶¶ 30–46. Furthermore, the claims in the Class Actions stem from the same statutory basis—alleged noncompliance with California's automatic renewal law.

Mot. to Consolidate, ECF No. 67 at 9. Indeed, the court will have to resolve the same core nucleus of operative facts in each case; thus, consolidation will promote judicial efficiency.

Because the cases involve common questions of law and facts, coupled with plaintiffs' failure to respond to the motion to consolidate, I find that consolidation is appropriate.

**III.   Conclusion**

IT IS HEREBY ORDERED that the motion to consolidate **[ECF No. 67] is GRANTED**.

IT IS FURTHER ORDERED that Case No. 2:23-cv-01211-CDS-EJY and Case No. 2:23-cv-01259-CDS-EJY are CONSOLIDATED with Case No. 2:23-cv-00802-CDS-EJY, which will serve as the lead case.

IT IS FURTHER ORDERED that **all future pleadings must be filed in the lead case only** and bear the caption: In re: Fight Pass Auto-Renewal Litigation.

IT IS FURTHER ORDERED that when a pleading is intended to apply to all actions to which this order applies, the words "All Actions" must appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the case number for each individual action to which the paper is intended to apply and the last name of the plaintiff in said action (*e.g.*, 2:23-cv-01211 (Garcia)).

IT IS FURTHER ORDERED that the parties must comply with LR 42-1(a) by filing a Notice of Related Cases whenever a related case is filed in, or transferred to, this district. If the court determines that the case is related, the clerk must: (a) place a copy of this order in the file for such action; (b) serve on plaintiffs' counsel in the new case a copy of this order; (c) direct that this order be served upon the defendants in the new case; and (d) make an appropriate entry in the lead case. Any case deemed related shall be consolidated into this action unless a party objects to consolidation within 14 days of the related case order.

IT IS FURTHER ORDERED that plaintiffs must file a consolidated amended complaint no later than 30 days after the entry of an order appointing interim class counsel or other designated counsel. The consolidated complaint will be the operative complaint in the consolidated action and shall supersede all complaints filed in any action consolidated herein.

IT IS FURTHER ORDERED that any response to the consolidated amended complaint is due within 30 days of its filing. All prior response deadlines are vacated. Should defendants choose to file motions to dismiss, the parties must comply with LR 7-2. Any opposition to motions to dismiss must be filed and served within 14 days of its filing. Any reply brief must be filed and served within seven days.

The Clerk of Court is directed to file this order in each of the three consolidated cases.

DATED: November 8, 2023

_____
Cristina D. Silva
United States District Judge