# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: FIGHT PASS AUTO-RENEWAL LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS. | Case No. 2:23-cv-00802-CDS-DJA<br><br>Member Case Nos.: 2:23-cv-01211-CDS-EJY<br>　　　　　　　　　　2:23-cv-01259-CDS-EJY<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

On January 21, 2025, this Court granted preliminary approval of the proposed class action settlement agreement between the parties (the "Settlement Agreement" or "Settlement"). ECF No. 103. The Court also provisionally certified a Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on June 10, 2025. The Settlement Class is defined as: All natural persons with a current or former paid Fight Pass subscription (i.e. Active or Inactive Subscribers) within the Class Period in the following states: California, the District of Columbia, Florida, Hawaii, Illinois, New York, North Carolina, North Dakota, Oregon, Virginia, and Vermont ("Settlement Class"). No other persons shall be within the Settlement Class definition. Excluded from the Settlement Class are: (1) all attorneys and employees of the Settlement Class Counsel; (2) any judicial officer to whom the Action is assigned; and (3) persons who validly opt out of the Class Action Settlement by following the procedures set forth in the Agreement.

On June 10, 2025, the Court held a duly-noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of Defendants and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees, costs and expenses to Class Counsel and whether and in what amount to make an incentive award to Plaintiffs.

The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons who purchased the Fight Pass Subscriptions at issue, as ordered by the Court, and having considered and determined that the proposed settlement of the claims of the Settlement Class Members against Defendants, as well as the release of Defendants and the Released Parties, and the awards of attorneys' fees, costs, and expenses and incentive award requested, are fair, reasonable and adequate, **HEREBY ORDERS, DECREES, AND ADJUDGES** as follows:

1. The definitions in the Settlement Agreement and the Court's Preliminary Approval Order are hereby incorporated herein as though fully set forth in this Order, and all other terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement and in the Court's Preliminary Approval Order, and/or in any Order of this Court prior to the entry of final Judgment.

2. The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied, for purposes of settlement only, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class she seeks to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3. The Court finds that the requirements of Rule 23(e) of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement as being fair, just reasonable and adequate to the Settlement Class and its members. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs or delays associated with continued litigation, trial and/or appeal. The Settlement is not a finding or admission of liability by the Defendants or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, a class action on behalf of: "All natural persons with a current or former paid Fight Pass subscription (i.e. Active or Inactive Subscribers) within the Class Period in the following

states: California, the District of Columbia, Florida, Hawaii, Illinois, New York, North Carolina, North Dakota, Oregon, Virginia, and Vermont." ("Settlement Class"). No other persons shall be within the Settlement Class definition. Excluded from the Settlement Class are: (1) all attorneys and employees of the Settlement Class Counsel; (2) any judicial officer to whom the Action is assigned; and (3) persons who validly opt out of the Class Action Settlement by following the procedures set forth in the Agreement.

5. Hart L. Robinovitch of Zimmerman Reed LLP, Timothy Fisher of Bursor & Fisher, P.A., and Chad Saunders of Crosner Legal, P.C. are appointed as Class Counsel. Plaintiffs Moises Resa, Frank Garza, Tanner Pendergraft, Isaiah Sanchez, and Saul Garcia shall serve as Class Representatives.

6. Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto. In addition, the Court finds that Defendants fully satisfied any obligation to provide Notice of the proposed Settlement Agreement to the public officials designated under the Class Action Fairness Act, 28 U.S.C. § 1715, to receive such notice, as set forth in Defendants' Notice of Compliance with 28 U.S.C. § 1715.

7. The Court has considered and finds Class Counsel and the Class Representatives have adequately represented the Class. Plaintiffs, by and through their counsel, have investigated the pertinent facts and law, and have evaluated the risks associated with continued litigation, class certification, trial, and/or appeal. The Court finds that the Settlement Agreement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel.

8. The Court finds that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing

Settlement Class Member claims is reasonable and appropriate, and that the Settlement Agreement treats all Settlement Class Members equitably relative to each other.

9. The Court has evaluated this overall reaction of the Class to the Settlement and finds that the overall acceptance of the Settlement Agreement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Class.

10. The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions. The parties are authorized to disburse funds from the Gross Settlement Amount in accordance with the terms and conditions of the Settlement Agreement.

11. Defendants shall implement (if they have not done so already) the changes to the Fight Pass Subscriptions described in Paragraph 4.5 of the Settlement Agreement within a reasonably practicable time from the date of this order.

12. Angeion Group ("Angeion") is finally appointed to continue to serve as the Claims Administrator as provided in the Settlement Agreement. The Claims Administrator is directed to process all Authorized Claims in accordance with the Settlement Agreement. Class Counsel and Counsel for Defendants are hereby authorized to employ all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement.

13. The Court authorizes the payment of the Claims Administrator's fees from the Gross Settlement Fund pursuant to Paragraphs 4.1 and 5 of the Settlement Agreement.

14. There shall be no recourse to any Defendants, Releasee, Released Party or their counsel, or to the Class Representatives or Class Counsel, or to the Claims Administrator or to this Court, for any determination made by the Claims Administrator pursuant to its responsibilities under the Settlement Agreement. In addition, notwithstanding anything else in this Order, if the Claims Administrator or any Party has reason to believe that a false or fraudulent Claim has been submitted in this Settlement, or that any Claim has been submitted under false pretenses, the Claims Administrator may reject the Claim.

15. The allowance or disallowance by the Court of any Fee Award or Incentive Award have been considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any Order or proceeding related to the application for an award of fees, costs and expenses, or any appeal from any Fee Award or Incentive Award or other order relating thereto, shall not operate to terminate or cancel the Settlement Agreement, nor affect or delay the finality of this Final Order and Judgment.

16. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel total attorneys' fees, in the amount of $400,000.00, said amount to be deducted from the Gross Settlement Fund pursuant to Paragraph 4.1 of the Settlement Agreement and Release. Said amount shall be apportioned by Class Counsel according to Class Counsel's separate agreement.

17. In addition, the Court hereby separately awards Class Counsel total costs and expenses pursuant to Paragraph 4.1 of the Settlement Agreement and Release in the amount of $23,902.79. This award represents the amounts set forth in Class Counsel's Declarations ($21,293.23) in support of the Motion for Attorneys' Fees and Costs (ECF 106-1-3; Fisher Decl. ¶27), plus $2,609.56 in additional travel expenses incurred by Class Counsel after the submission of those declarations related to Class Counsel's appearance at the June 10, 2025 final approval motion hearing. This amount shall be deducted from the Gross Settlement Fund pursuant to Paragraph 4.1 of the Settlement Agreement and Release and paid to each respective Class Counsel in amounts set forth in their declarations.

18. The Court also orders payment of service award(s) in the amount(s) of $2,500.00 to Plaintiff Moises Reza, $2,500.00 to Plaintiff Frank Garza, $2,500.00 to Plaintiff Tanner Pendergraft, $2,500.00 to Plaintiff Isaiah Sanchez, and $2,500.00 to Plaintiff Saul Garcia. These amounts are to be paid in the time and manner described in the Settlement Agreement.

19. All residual funds remaining in the Gross Settlement Fund after disbursements shall be paid by the Claims Administrator in equal shares to the two *cy pres* recipients, Public Citizen and Public Justice pursuant to Paragraph 4.7 of the Settlement Agreement.

20.    The Action is hereby dismissed with prejudice and without costs as against Defendants and the Released Parties.

21.    Class Representatives and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) and all persons acting on behalf of or in concert with any of the above, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Parties. The Court finds that issuance of the permanent injunction described in this paragraph is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Order.

22.    Effective as of the Final Settlement Approval Date, the Settlement Class Representatives and each Settlement Class Member, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have and by operation of this Agreement and the Final Approval Order and Judgment shall have, fully, finally, irrevocably, and forever, released Defendants, and their past or present direct and indirect parents, affiliates and subsidiaries (whether or not wholly owned) and their respective present and former directors, officers, employees, agents, members, attorneys, representatives, affiliates, parents, subsidiaries (whether or not wholly owned), joint ventures, divisions, predecessors, successors, and assigns and each of them (collectively, the "Released Parties") from any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive or of any other type), penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, in law or equity, existing or suspected or unsuspected, that were or reasonably could have been asserted in the Action, or that in any way arise out of or in any way relate to the facts, practices and allegations in this Action or the amended consolidated complaint set forth in Section 2.1, including any marketing or advertising related to the same (collectively, the "Released Claims"). Nothing herein shall be construed as a waiver or release by Defendants of claims against any third parties.

23.    By operation of this Agreement and the entry of the Final Approval Order and Judgment, and with regard to the Released Claims only, the Settlement Class Representatives and

each Settlement Class Member, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, agree to and do waive, in connection with the Released Claims only, any and all provisions, rights and benefits, which they now have or in the future may be conferred to them by section 1542 of the California Civil Code or any comparable statutory or common law provision of any other jurisdiction.

24. Except for proceedings to enforce the terms of this Settlement Agreement, upon entry of the Final Approval Order and Judgment, the Settlement Class Representatives and each Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment, shall have agreed not to file, maintain, cause or knowingly permit the filing or maintenance of any lawsuit, administrative action, or other proceeding in any state, federal or foreign court, or before any local, state, federal or administrative agency, or any other tribunal, that arises from or relates to any of the Released Claims.

25. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a. offered by any person or received against Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of the facts alleged by the Class Representatives or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants;

b. offered by any person or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any other wrongdoing by Defendants;

c. offered by any person or received against Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or

administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Settlement Approval Order and Final Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Settlement Approval Order and Final Judgment, the releases as to the Released Parties.

26. Claims documents in this case, and all materials and data held by the Claims Administrator regarding the Settlement Class, including the Class List, shall be strictly confidential and not subject to publication or disclosure, and shall not be used for any other purposes beyond providing notice to the Settlement Class and assisting with the determination of valid claims. No person other than the Parties and their counsel, the Claims Administrator, and the Court shall be permitted to obtain or review any Claim Form, or any decision of the Claims Administrator with respect to accepting or rejecting any Claim, except as provided for herein or upon Court Order for good cause shown.

27. This Settlement Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Without affecting the finality of the Settlement Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits and (b) the settling parties for purposes of construing, enforcing and administering the Settlement Agreement.

28. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

Dated:  June 9, 2025

IT IS SO ORDERED:

_____
United States District Judge